[Cite as *State v. Rivera*, 2024-Ohio-4530.]

STATE OF OHIO      )  
                    )ss:  
COUNTY OF LORAIN    )

IN THE COURT OF APPEALS  
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

    and

SHUYA LU, et al.

    Appellants

    v.

MARCUS RIVERA

    Appellee

C.A. No.     23CA012062

APPEAL FROM JUDGMENT  
ENTERED IN THE  
LORAIN MUNICIPAL COURT  
COUNTY OF LORAIN, OHIO  
CASE No.    23-CRB-1943

DECISION AND JOURNAL ENTRY

Dated: September 16, 2024

CARR, Judge.

**{¶1}** Appellants, Shuya Lu and Shih-Luh Tseng, appeal the order of the Lorain Municipal Court denying their motion for reconsideration. This Court vacates the order and dismisses the appeal.

I.

**{¶2}** This matter arises out of an altercation between dogs that occurred in Lorain, Ohio. On the evening of May 25, 2023, B.R. was walking two dogs on Boulder Lane. The two dogs, a Labrador mix and an Alaskan Malamute, were owned by Marcus Rivera. On the other side of the street, Lu, and her husband, Tseng, were walking with their three dogs, a Golden Retriever mix, a

Terrier, and a Pomeranian.[1]  All of the dogs were on leashes.  The groups of dogs began barking when they spotted each other across the street.  The Labrador and the Alaskan Malamute pulled B.R. across the street.  The Alaskan Malamute bit the Pomeranian, injuring it badly.  Lu and Tseng drove the Pomeranian to an emergency veterinary clinic but the Pomeranian died before they arrived.

{¶3}   The City of Lorain filed a complaint charging Rivera with one count of failure to control a dog in violation of R.C. 955.22(C)(2), one count of failure to annually register a dog in violation of Lorain Cod.Ord. 505.06(a), and one count of failure to comply with rabies immunization requirements in violation of Lorain Cod.Ord. 505.11.  Rivera ultimately entered into a plea agreement with the City where he pleaded no contest to failure to annually register his dog and failure to comply with the rabies immunization requirements.  The count of failure to control a dog was dismissed.  The trial court found Rivera guilty and imposed a total of $100 in fines.

{¶4}   Approximately one week after Rivera's sentencing entry was journalized, Lu and Tseng filed a motion for reconsideration wherein they raised multiple issues, including a request that the trial court "direct the relevant authorities to initiate the process" to designate Rivera's Alaskan Malamute as a dangerous dog pursuant to R.C. 955.11(A)(1)(a)(ii).  The trial court set the matter for a hearing.  The assistant prosecutor noted that it was unconventional for a dangerous dog hearing to be called on the motion of the trial court but the assistant prosecutor expressed a willingness to inquire of the witnesses.  Lu, Tseng, B.R., and Rivera gave testimony at the hearing.  On October 25, 2023, the trial court issued a journal entry denying the motion for reconsideration

---

[1] Tseng was walking the Terrier and the Pomeranian.  Lu was walking the Golden Retriever. Lu's mother was also walking with the group but she was not holding a leash.

on the basis that the evidence did not support the conclusion that the Alaskan Malamute was a dangerous dog.

{¶5} Tseng and Lu filed a notice of appeal, citing Article I, Section 10(a) of the Ohio Constitution, also known as Marsy's Law.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO CONSIDER THE ENTIRE DEFINITION OF "DANGEROUS DOG" CONTAINED IN THE LOCAL ORDINANCE[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO APPLY THE REVISED CODE'S PROCEDURE FOR A CIVIL DANGEROUS DOG DESIGNATION HEARING[.]

### ASSIGNMENT OF ERROR III

THE COURT ERRED WHEN IT FAILED TO FIND CLEAR AND CONVINCING EVIDENCE THAT THE MALAMUTE WAS A DANGEROUS DOG[.]

{¶6} Lu and Tseng raise three assignments of error challenging the trial court's denial of their motion for reconsideration as it pertained to the dangerous dog issue.

{¶7} As noted above, Lu and Tseng filed their notice of appeal pursuant to Article I, Section 10(a) of the Ohio Constitution. Lu and Tseng indicated that, in their capacity as victims, they intended to raise issues pertaining to Rivera's plea and sentence. Lu and Tseng also indicated that they intended to challenge the denial of their motion for reconsideration.

{¶8} The State filed a motion to dismiss the appeal on the basis that Lu and Tseng did not qualify as victims of a crime under Article I, Section 10(a) of the Ohio Constitution and R.C. 2930.01(A). While the State acknowledged that there were limited circumstances where the victims of a crime could file an appeal in a criminal proceeding, the State argued that there was no

legal basis for Lu and Tseng to appeal in this matter because Rivera was not charged with an offense that was punishable by incarceration.

{¶9} In response to the motion to dismiss, Lu and Tseng argued that the State misconstrued the purpose of their appeal. Specifically, Lu and Tseng argued that they did "not seek to challenge the outcome of the criminal case[]" but instead sought review of the trial court's refusal to designate Rivera's Alaskan Malamute as a dangerous dog.

{¶10} R.C. 955.222, which governs the process through which a dog may be designated as a dangerous dog, provides as follows:

> (A) The municipal court or county court that has territorial jurisdiction over the residence of the owner, keeper, or harborer of a dog shall conduct any hearing concerning the designation of the dog as a nuisance dog, dangerous dog, or vicious dog.
>
> (B) If a person who is authorized to enforce this chapter has reasonable cause to believe that a dog in the person's jurisdiction is a nuisance dog, dangerous dog, or vicious dog, the person shall notify the owner, keeper, or harborer of that dog, by certified mail or in person, of both of the following:
>
> (1) That the person has designated the dog a nuisance dog, dangerous dog, or vicious dog, as applicable;
>
> (2) That the owner, keeper, or harborer of the dog may request a hearing regarding the designation in accordance with this section. The notice shall include instructions for filing a request for a hearing in the county in which the dog's owner, keeper, or harborer resides.
>
> (C) If the owner, keeper, or harborer of the dog disagrees with the designation of the dog as a nuisance dog, dangerous dog, or vicious dog, as applicable, the owner, keeper, or harborer, not later than ten days after receiving notification of the designation, may request a hearing regarding the determination. The request for a hearing shall be in writing and shall be filed with the municipal court or county court that has territorial jurisdiction over the residence of the dog's owner, keeper, or harborer. At the hearing, the person who designated the dog as a nuisance dog, dangerous dog, or vicious dog has the burden of proving, by clear and convincing evidence, that the dog is a nuisance dog, dangerous dog, or vicious dog.
>
> The owner, keeper, or harborer of the dog or the person who designated the dog as a nuisance dog, dangerous dog, or vicious dog may appeal the court's final determination as in any other case filed in that court.

{¶11} Upon a review of the record, we are compelled to vacate the trial court's order ruling on the motion for reconsideration and dismiss the attempted appeal. Generally speaking, a motion for reconsideration of a final judgment in a criminal case is a nullity. *See State v. Brady*, 9th Dist. Summit No. 17750, 1997 WL 45056, *1 (Jan. 29, 1997). The trial court issued its sentencing entry on July 12, 2023. The confusion in this case appears to stem from the fact that Lu and Tseng attempted to raise the dangerous dog issue in a motion for reconsideration that was filed after the criminal case was closed. R.C. 955.222 sets forth a civil notice and hearing process by which a dog warden or other authorized official may seek to have a dog designated as a dangerous dog. This case does not involve a scenario where a dog warden or other authorized official designated Rivera's Alaskan Malamute as a dangerous dog pursuant to R.C. 955.222(B). Instead, the trial court set the matter for a hearing pursuant to Lu and Tseng's motion for reconsideration. It is evident that the proceedings that took place pursuant to Lu and Tseng's motion for reconsideration occurred outside the framework of R.C. 955.222. Lu and Tseng have not cited any authority in support of the proposition that filing a motion for reconsideration in their capacity as victims in a closed criminal case was a proper mechanism to initiate dangerous dog proceedings pursuant to R.C. 955.222. It follows that the proceedings that occurred pursuant to the filing of the motion for reconsideration were a nullity. The trial court's October 25, 2023 order ruling on the dangerous dog issue is vacated and the attempted appeal from that order is dismissed.

III.

{¶12} The trial court's October 25, 2023 order is vacated and the attempted appeal is dismissed.

Appeal dismissed.

———

6

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANITA A. LAMBERT, Attorney at Law, for Appellants.

MALLORY SANTIAGO, Attorney at Law, for Appellee.

MARCUS RIVERA, pro se, Appellee.